

NOV 0 5 2012
TONY R. MOORE, CLERK
BY _____ DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

Opelousas General Hospital Authority, et al       Civil Action No. 12-cv-02427

versus                                            Judge Richard T. Haik

Fairpay Solutions Inc.                            Magistrate Judge C. Michael Hill

**MEMORANDUM ORDER**

Before the Court is a Motion to Remand with Expedited Consideration Requested and Amended Motion To Remand filed by Opelousas General Hospital Authority and Arklamiss Surgery Center L.L.C ("Plaintiffs") [Rec. Docs. 10, 30], a Motion to Remand filed by Fairpay Solutions, Inc. ("Fairpay") [Rec. Doc. 11], Qmedtrix Systems, Inc.'s ("Qmedtrix") opposition to Fairpay's Motion [Rec. Doc. 23], Qmedtrix's opposition to Plaintiff's Motion [Rec. Doc. 27], Fairpay's Reply [Rec. Doc. 32] and Plaintiffs' Reply [Rec. Doc. 35]. For the reasons that follow, the Motions to Remand filed by Plaintiffs and by Fairpay will be granted.

Plaintiffs filed this class action lawsuit in the 27th Judicial District Court for the Parish of St. Landry, State of Louisiana on March 28, 2012, representing approximately 180 Louisiana hospitals and ambulatory surgery centers who have had Louisiana workers' compensation outpatient medical bills reimbursed at a reduced rate as a result of a recommended reduction by Fairpay. *Id., Joint Petition.* After giving preliminary approval to the proposed class settlement, the state court set

August 17, 2012 as the date for the fairness hearing and for final approval of the settlement. *Id.* On August 1, 2012, Qmedtrix, another bill review company, intervened in the state court action for the purpose of opposing the class action settlement agreement. Qmedtrix removed the state court action to this Court on September 14, 2012, and Plaintiffs and Fairpay filed the motions to remand at issue. Thereafter, Qmedtrix appealed this action to the Fifth Circuit Court of Appeals. *R. 24*. On October 16, 2012, the Fifth Circuit issued an order dismissing Qmedtrix's appeal for lack of jurisdiction and remanding to this Court "for further proceedings including resolution of pending motions." The Court will therefore consider the pending motions to remand.

## *ANALYSIS*

Plaintiffs and Fairpay assert that the Court should remand this action for the following reasons: (1) Qmedtrix waived its right to remove this action based on its intervention and as a cross-defendant seeking an adjudication on the merits in the state court proceeding, under both Federal and State law; and, (2) This Court is prohibited from interfering with or exercising jurisdiction over the final state court class settlement judgment under the *Rooker/Feldman* Doctrine and the Full Faith and Credit Act, 28 U.S.C. 1738. Fairpay further asserts that contrary to Qmedtrix's removal, the Court has no diversity jurisdiction in this matter. *R. 11*. Plaintiffs assert

in their Amended Motion that Qmedtrix's removal is expressly prohibited by 28 U.S.C. 1445 (c) as this matter deals exclusively with the pricing and payment of past and future Louisiana workers' compensation bills. *R. 30.* Qmedtrix opposes the motions, arguing that it preserved its right to remove this action by avoiding a request for adjudication of the merits and that *Rooker/Feldman* does not apply in this matter as it is a decision of a lower state court. Qmedtrix further argues that the Class Action Fairness Act ("CAFA") supports the exercise of jurisdiction by this Court.

As provided in the foregoing, the Fifth Circuit remanded Qmedtrix's appeal of the state court's ruling in this action. In a *per curiam* ruling, the court granted Plaintiffs' and Fairpay's motion to dismiss the appeal for lack of jurisdiction and remanded this case "for further proceedings including resolution of pending motions." *R. 36.* Movers assert because the state court order was appealable under La. Code of Civil Procedure art. 1841, it constitutes a final judgment for purposes of applying the *Rooker-Feldman* doctrine as well as the Full Faith and Credit Act, 18 U.S.C. 1738. The Court agrees.

"Reduced to its essence, the *Rooker-Feldman* doctrine 'holds that inferior federal courts do not have the power to modify or reverse state court judgments.'" *Union Planters Bank Nat. Ass'n v. Salih,* 369 F.3d 457, 462 (5th Cir. 2004)(holding that the *Rooker-Feldman* doctrine applied to a "final and appealable" Louisiana state

court discovery order). Section 1738 (The Full Faith and Credit Act), "directs all courts to treat a state court judgment with the same respect that it would receive in the courts of the rendering state." *Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 373 (1996). We may not "'employ [our] own rules ... in determining the effect of state judgments,' but must 'accept the rules chosen by the State from which the judgment is taken.'" *Id.* Under Louisiana law, the class action settlement at issue is a final judgment. *See* La.Code Civ. Proc. art. 1841. Just as determined by the Fifth Circuit, this Court is prohibited from exercising jurisdiction over final state court judgments.

Even assuming *arguendo* that the state court action is not an a final appealable order, Qmedtrix had no authority to remove the state law case to this Court. The right of removal of causes from state courts to the federal courts is a statutory right created by the express provisions of Section 1441 through 1450 of Title 28 of the United States Code. *Id.* The removal statute at issue in this case, 28 U.S.C. § 1441(c), provides:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

The right of removal being statutory, a party who seeks to avail himself of this right must show that he comes within the provisions of the statutes on the subject.

Moreover, removal statutes are to be strictly construed; and doubts must be resolved against the removal of the case to federal courts. *Houeye v. St. Martin Parish School Bd.*, 231 So.2d 397 (La. 1970). This rule of law applies equally with respect to class claims.[1] *See, Ball v. Alfortish*, 2009 WL 901773 (E.D.La. 2009) (J. Fallon).

Qmedtrix argues that by intervening in the state court action it was "attempting to slow the state court's too-hasty, rubber-stamp determination of the matter." *R. 23*. An intervenor, however, cannot modify the procedural nature of the main demand, nor retard its process by way of the intervention. *See Schexnayder v. Entergy*, 394 F.3d 280, 283 (5th Cir. 2004) (affirming remand where district court held that party seeking removal could not base petition on intervenor's federal claim). The right of removal is conferred only to "defendants" who have not voluntarily subjected themselves to state court jurisdiction. When Qmedtrix voluntarily intervened in the state court action asserting claims against Fairpay and Plaintiffs related to the proposed settlement, Qmedtrix had no claims pending against it. As established by the foregoing jurisprudence, Qmedtrix had no right of removal of this action. *R. 1*.

Accordingly,

**IT IS ORDERED** that the Motion to Remand with Expedited Consideration

---

[1] Nor does Qmedtrix's position as a cross-defendant in the state court action permit its removal of this action to Federal Court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Ball v. Alfortish,* 2009 WL 901773, 2 (E.D.La.,2009).

Requested and Amended Motion To Remand filed by Opelousas General Hospital Authority and Arklamiss Surgery Center L.L.C [Rec. Docs. 10, 30] and the Motion to Remand filed by Fairpay Solutions, Inc. [Rec. Doc. 11] are **GRANTED** and this action is **REMANDED** to the 27th Judicial District Court for the Parish of St. Landry, State of Louisiana.

**THUS DONE AND SIGNED** in Lafayette, Louisiana on this 2nd day of November, 2012.

_____
**Richard T. Haik, Sr.**
**United States District Judge**